**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CONSTANCE PERKINS,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **CITY OF PHILADELPHIA, et al.,** *Defendants.* | : | **NO. 26-cv-4251** |

**MEMORANDUM**

**KENNEY, J.** **NOVEMBER 2, 2026**

Before the Court is Defendants the City of Philadelphia, Robin Wimberly, Lt. Livewell, Sgt. Louis Halegoua, Cpt. Gregory Riley, and Collin Kelly's (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) ("Defendants' Motion to Dismiss"). ECF No. 12. Plaintiff opposes dismissal. ECF No. 13. For the reasons that follow, the Court will **GRANT** Defendants' Motion to Dismiss (ECF No. 12) and **DISMISS** Plaintiff's Complaint.

## I. BACKGROUND

### A. Factual Background

Plaintiff served as a Police Officer with the Philadelphia Police Department (the "PPD") for approximately twenty-five (25) years. ECF No. 1 ¶ 2. According to Plaintiff, she suffers from two different medical conditions: severe cat allergies and asthma, as well as orthopedic injuries that she sustained during job-related duties.[1] *Id.* ¶ 77. Plaintiff alleges that Defendants were aware of these medical conditions. *See id.* ¶¶ 79–81, 89–90, 119–120.

[1] "On January 12, 2023, Plaintiff sustained serious injuries while performing official police duties involving the removal of an obese deceased individual from a confined location. Plaintiff was diagnosed with cervical sprain, bilateral shoulder injuries, lumbar injuries, neck injuries, and related conditions and was initially placed on no-duty status by authorized medical providers." ECF No. 1 at ¶¶ 10–11.

During her employment with the PPD, Plaintiff alleges that she engaged in various protected activities, including filing EEO complaints, Internal Affairs complaints, grievances, workplace safety complaints, and discrimination complaints. *Id.* ¶¶ 3, 7. Plaintiff alleges that after she filed these complaints and grievances, Defendants engaged in a "pattern of retaliation and discrimination designed to force her from employment and deprive her of employment-related benefits." *Id.* ¶ 8. Plaintiff claims that "Defendants denied her leave requests, interfered with her employment opportunities, ignored discrimination complaints, refused to adequately investigate misconduct, and denied accommodations for documented medical conditions." *Id.* ¶ 9. In addition, Plaintiff alleges that the "Defendants improperly interfered with the workers' compensation process." *Id.* ¶ 12. That is, following the January 12, 2023 work-related incident, Plaintiff learned that "an official injury document was allegedly altered and a second document containing a forged version of Plaintiff's signature was utilized to deny workers' compensation benefits." *Id.* ¶ 13. Plaintiff later successfully obtained benefits after an appeal. *Id.* ¶ 45.

**B. Procedural Background**

On June 22, 2026, Plaintiff Constance Perkins, proceeding *pro se*, initiated this action against the City of Philadelphia (the "City"), five named defendants: Robin Wimberly, Lt. Livewell, Sgt. Louis Halegoua, Captain Gregory Riley, and Collin Kelly,[2] as well as four unnamed Defendants, John Doe Employee Relations Investigators, John Doe Internal Affairs Investigators, John Doe Risk Management Officials, and John Doe City Officials. *See* ECF No. 1 at 5.

[2] The Court notes that while Defendant Collin Kelly is listed in the caption of Plaintiff's Complaint in certain places and not others, *see* ECF No. 1 at 7, 11, the Court is satisfied that Defendant Collin Kelley has waived any challenge to service of process. *See* Fed. R. Civ. P. 12(h). Further, as the Court grants Defendant Collin Kelly his requested relief—dismissal of the Complaint—the Court finds that Plaintiff's failure to obtain and serve Defendant Collin Kelly with a summons and copy of the Complaint is rendered moot by nature of Defendant's meritorious Motion to Dismiss (ECF No. 12).

Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) on August 25, 2026. *See* ECF No. 12. Plaintiff opposes dismissal. *See* ECF No. 13. Accordingly, Defendants' Motion to Dismiss (ECF No. 12) has been fully briefed and will be decided on the basis of the Parties' submissions and without oral argument.

## II. LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, a claim must state a "plausible entitlement to relief[,]" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 559 (2007). When evaluating a motion to dismiss, the Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citation omitted). "At the motion to dismiss stage, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Oxford House, Inc. v. Twp. of N. Bergen*, 158 F.4th 486, 491 (3d Cir. 2025) (cleaned up). Put another way, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of the necessary elements" of the plaintiff's claims. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (cleaned up); *see also Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))).

While a plaintiff need not plead "detailed factual allegations," Rule 8(a)(2) necessitates "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rule 8 requires that a pleading contain "a short and plain

statement of [each] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Conclusory allegations "are not entitled to the assumption of truth." *Connelly*, 809 F.3d at 787 (internal quotations and citation omitted). When analyzing a Rule 12(b)(6) motion, district courts "must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1996 (3d Cir. 1993)).

While Plaintiff's *pro se* status prompts a "liberal construction" of her Complaint, it "must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kim v. I.R.S.*, 522 F. App'x 157, 158 (3d Cir. 2013) (per curiam) (internal quotations and citations omitted); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (explaining that "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "must abide by the same rules that apply to all other litigants").

## III. <u>DISCUSSION</u>

Defendants have moved to dismiss Plaintiff's Complaint in its entirety for failure to state a claim. *See* ECF No. 12. Plaintiff opposes dismissal. ECF No. 13. For the following reasons, the Court finds that Plaintiff has failed to plead sufficient facts to raise a plausible entitlement to relief on any of her federal claims and will grant Defendants' Motion to Dismiss (ECF No. 12).

### A. Pleading Deficiencies

As an initial matter, Plaintiff's Complaint is an improper "shotgun" pleading. A plaintiff's complaint is characterized as a shotgun pleading when the plaintiff brings "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Jefferson v. Abbington Jefferson Hosp.*, No. 24-CV-4762, 2025 WL 1194479, at *2 (E.D. Pa. Apr. 24, 2025) (citing *Barmapov v. Amuial*, 986 F.2d 1321, 1325 (11th Cir. 2021)).

Shotgun pleadings confuse courts and fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at *1 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)). Courts routinely dismiss complaints that are shotgun pleadings. *See, e.g.*, *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859–60 (E.D. Pa. May 3, 2017) (dismissing a complaint where it was unclear "against which Defendants many of the claims [were] brought" because the fifty-four page complaint—which contained thirteen different counts against a combination of seven defendants—was unclear and did not give "defendants adequate notice of the claims against them and the grounds upon which each claim rests"). Plaintiff vaguely refers to "Defendants" throughout the Complaint and does not properly apprise Defendants what claims are asserted against which Defendants or whose alleged unlawful acts form the basis for Plaintiff's claims. This method of pleading is improper because it fails to adequately place Defendants on notice. The Court will proceed to analyze Defendants' arguments in favor of dismissal of each claim. However, if Plaintiff chooses to amend her Complaint, she should ensure that she specifically identifies the correct individual Defendant she is referring to in the Complaint.

**B. Official Capacity Claims Brought Against Individual Defendants Are Dismissed With Prejudice**

Next, Plaintiff sues some of the individual Defendants in both their individual and official capacities. ECF No. 1 at 7, 11. Plaintiff names Defendants Wimberly, Livewell, Halegoua, Riley, and Kelly in both their individual and official capacities, in addition to the City. *Id.*

Upon review, Plaintiff's official capacity claims against Defendants Wimberly, Livewell, Halegoua, Riley, and Kelly will be dismissed as duplicative of Plaintiff's claims against the City. *See, e.g.*, *Thomas v. City of Chester*, No. CV 15-3955, 2016 WL 1106900, at *2 (E.D. Pa. Mar. 21, 2016) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). So, a claim against one

Defendant in their official capacity is duplicative of another claim against the same municipal entity. Therefore, Plaintiff's claims against Defendants Wimberly, Livewell, Halegoua, Riley, and Kelly are duplicative of Plaintiff's claims against the City. Accordingly, Plaintiff's claims against Defendants in their official capacities are dismissed with prejudice.

**C. Plaintiff Fails to Allege Defendants' Personal Involvement as Required to State a 42 U.S.C. § 1983 Claim**

Next, as discussed, Plaintiff is suing the individual Defendants in their individual capacities for certain alleged constitutional deprivations. However, for the reasons that follow, the Court finds that Plaintiff's 42 U.S.C. § 1983 claims all suffer from one critical defect: a lack of personal involvement. To bring a claim against an individual officer under 42 U.S.C. § 1983, a plaintiff must plausibly allege that the individual officer was personally involved in the alleged wrongs, as "liability cannot be predicated solely on the operation of *respondeat superior*." *Solan v. Ranck*, 326 F. App'x 97, 100 (3d Cir. 2009). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* at 101.

Upon review of the Complaint,[3] Plaintiff has failed to plausibly allege the requisite "personal involvement" required to state any of her § 1983 claims (Counts I–IV). *See Solan*, 326 F. App'x at 100–01. Defendants argue that "rather than identifying the conduct attributable to each Defendant, the Complaint repeatedly alleges that, 'Defendants' retaliated against Plaintiff, discriminated against her, denied benefits, interfered with administrative proceedings, and failed

[3] The Court notes that Plaintiff appears to supplement the chronology of the Complaint as well as the specific personal involvement of each individual Defendant in her Opposition briefing. ECF No. 13 at 9 –10. However, the Court's review on a Motion to Dismiss is constrained to the Complaint. *See supra* Part II; *see also Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that [a plainitff's] complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal quotations and citation omitted.)).

to investigate her complaints." ECF No. 12 at 4. The Complaint fails to allege the specific personal actions, or inactions, of Defendants that form the basis for Plaintiff's deprivation. Apart from Paragraph 68 of the Complaint, the Court cannot find any other paragraphs that do not rely on collective allegations against an amorphous "Defendants." This is true for each of Plaintiff's § 1983 claims (Counts I–IV). *See Jones*, 2018 WL 1322045, at *3. These allegations fail to satisfy the "personal involvement" requirement for § 1983 liability.

Therefore, Counts I—IV fail because Plaintiff has not plausibly alleged the requisite personal involvement of Defendants. Even if the Court were satisfied with the personal involvement requirement of § 1983, the claims would still fail due to the following defects.

**1. Count I – Plaintiff Fails to State a First Amendment Retaliation Claim**

*First*, Defendants seek dismissal of Plaintiff's First Amendment retaliation claim. ECF No. 12 at 7–9. Defendants point out that in addition to Plaintiff's failure to plausibly allege that the individual Defendants were actually personally involved in retaliating against her, Plaintiff bases much of her "constitutional theory . . . on the alleged inadequacy of internal investigations rather than the violation of a protected constitutional right, [and] those allegations cannot support relief under § 1983." *Id.* at 7. Additionally, Defendants argue that the complaints Plaintiff filed with Internal Affairs, the Equal Employment Opportunity, Employee Relations, and the Fraternal Order of Police were not made "as a private citizen regarding matters of public concern," and, therefore, are not protected speech under the First Amendment. *Id.* at 7–8. Lastly, Defendants argue that even if Plaintiff engaged in protected speech, the Complaint fails to plausibly allege causation. *Id.* at 8.

"[T]he First Amendment protects a public employee's statement when '(1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have "an adequate justification for treating the employee differently

from any other member of the general public" as a result of the statement made.'" *Ruder v. Pequea Valley Sch. Dist.*, 790 F. Supp. 2d 377, 391 (E.D. Pa. 2011) (citation omitted). To state a First Amendment retaliation claim, "a public employee must allege: (1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action." *Id.* at 390 (citation omitted).

"[T]he Court must first determine whether the speech at issue was protected by the First Amendment." *Id.* at 391. However, even if a public employee's speech only concerns a matter of private concern, their speech may still be protected under the First Amendment. *Foraker v. Chaffinch*, 501 F.3d 231, 236 (3d Cir. 2007). That is, "[w]hen a public employee's activity qualifies as 'petitioning the government'—such as . . . suing his employer—it is protected activity so long as the petition was not frivolous, or a 'sham,' regardless of whether the petition involved a matter of public concern." *Damiano v. Scranton Sch. Dist.*, 135 F. Supp. 3d 255, 277–78 (M.D. Pa. 2015) (alteration in original) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 242 n.2 (3d Cir. 2006)).

As to the first prong, because Plaintiff filed formal grievances, EEOC Complaints, and workers' compensation claims, those grievances qualify as protected speech under the First Amendment, even though they were not made ion her capacity as a private citizen. *See* ECF No. 1 at 5. However, as to the second prong, Plaintiff has failed to allege causation. Specifically, Plaintiff has not plausibly alleged any facts from which the Court could determine that the "protected activity was a substantial factor in the alleged retaliatory action[.]" *DeLuzio v. Monroe Cnty.*, 271 F. App'x 193, 196 (3d Cir. 2008). Plaintiff offers only conclusory statements that she was retaliated against. These allegations are insufficient to state a claim for First Amendment retaliation. Therefore, has not plausibly alleged causation.

For these reasons, the Court finds that Plaintiff failed to state a plausible First Amendment retaliation claim under § 1983. Accordingly, Plaintiff's First Amendment retaliation claim (Count I) is dismissed without prejudice.

**2. Count II – Plaintiff Fails to State an Equal Protection Clause Claim**

Next, Defendants seek dismissal of Plaintiff's Equal Protection Clause claim brought pursuant to 42 U.S.C. § 1983. Defendants argue that the Complaint "does not plausibly allege either disparate treatment of similarly situated employees or intentional discrimination." ECF No. 12 at 11. Defendants explain that "[t]he Complaint does not identify any similarly situated employee" and conclusory assertions that "comparators" were treated more favorably are insufficient to meet this standard. *Id.* at 12. Lastly, Defendants argue that if Plaintiff intended to assert a class-of-one equal protection theory, "that claim is unavailable in the public employment context" and should be dismissed. *Id.* at 13.

To bring a successful claim for violations of the Equal Protection Clause under 42 U.S.C. § 1983, a plaintiff must plausibly allege "the existence of purposeful discrimination. *Machon v. Pa. Dep't of Pub. Welfare*, 847 F. Supp. 2d 734, 749 (E.D. Pa. 2012). The Plaintiff "must demonstrate that they 'receiv[ed] different treatment from that received by other individuals similarly situated.'" *Id.* An inference of discriminatory motive can be demonstrated by various means, such as through circumstantial evidence, "comparator evidence, evidence of similar . . . discrimination of other employees, or direct evidence of discrimination from statements or actions by [] supervisors suggesting . . . animus." *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 n.2 (3d Cir. 2010); *Boyer v. City of Phila.*, No. CV 13-6495, 2019 WL 3731612, at *2 (E.D. Pa. Aug. 8, 2019). When an inference of discrimination is based on comparators, courts analyze whether a plaintiff has sufficiently identified "similarly situated individual[s] outside of the protected class, who engaged in the same conduct but [were] treated more favorably." *Mandel v. M & Q*

*Packaging Corp.*, 706 F.3d 157, 170 (3d Cir. 2013); *see also Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005). Whereas, to bring a successful Equal Protection Clause claim under the "class of one" theory, a plaintiff must plausibly allege "that (1) defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Machon*, 847 F. Supp. 2d at 748 (citing *Hill*, 455 F.3d at 239). However, the Supreme Court has held that "a 'class-of-one' theory of equal protection has no place in the public employment context." *Engquist v. Or. Dep't of Agric.*, 533 U.S. 591, 594 (2008).

Here, it is unclear from the face of the Complaint whether Plaintiff intended to set forth a "class-of-one" theory. To the extent the Complaint asserts a class-of-one theory , the claim fails. *See id.* Plaintiff alleges that she was an employee of the PPD. ECF No. 1 at 11. Accordingly, she may not pursue a "class-of-one" theory. *Engquist*, 533 U.S. at 594. Additionally, Plaintiff has failed to plausibly allege the necessary facts to establish a claim pursuant to the traditional theory of Equal Protection based on purposeful discrimination against a member of a protected class. Plaintiff's bare recital of the elements of an Equal Protection Clause violation is not enough to plausibly allege that she suffered purposeful discrimination or that "the decisionmakers in [the claimant's] case acted with discriminatory purpose." *Millard v. Hufford*, 415 F. App'x 348, 350 (3d Cir. 2011) (quoting *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987)). Plaintiff does not provide any information about similarly situated individuals that were treated differently than she was, let alone identify any comparator(s). The Complaint's *only* mention of comparators is one conclusory allegation that "Plaintiff was treated differently from similarly situated officers." ECF No. 1 at 15.

For these reasons, the Court finds that Plaintiff failed to plausibly allege an Equal Protection Clause claim under 42 U.S.C. § 1983. Accordingly, Plaintiff's Equal Protection Clause claim (Count II) is dismissed without prejudice.

**3. Count III – Plaintiff Fails to State a Procedural Due Process Claim**

Next, Defendants seek dismissal of Plaintiff's procedural due process claim brought under the Fourteenth Amendment and 42 U.S.C § 1983 for failure to state a claim. ECF No. 12 at 11–12. Defendants argue that the Complaint "affirmatively demonstrates that Plaintiff received extensive procedural protections" and that "Plaintiff's principal contention is that Defendants reached the wrong result, failed to complete investigations, delayed administrative proceedings, or otherwise mishandled her complaints." ECF No. 12 at 9–10. Defendants further contend that "where adequate-post deprivation remedies exist, a procedural due process claim fails." *Id.* at 9. Because Plaintiff herself alleges "that she appealed the denial of her disability retirement application and ultimately obtained service-connected disability retirement benefits through the administrative review process," Defendants contend that Plaintiff was given constitutionally adequate due process and, in some instances, even prevailed. *Id.* at 9–10.

To state a § 1983 claim for a procedural due process violation, a plaintiff must allege that "(1) [s]he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to [her] did not provide due process of law." *Russo v. City of Phila.*, 459 F. App'x 176, 180 (3d Cir. 2012). Neither Party disputes whether Plaintiff has plausibly alleged that "she was deprived of an individual interest that is encompassed within the Fourteenth Amendment." *See* ECF No. 12 at 9–10. Instead, Defendants argue that Plaintiff has not plausibly alleged that the administrative procedures available to her were inadequate. *Id.* The Supreme Court has held that "[t]he constitutional [procedural due process] violation actionable under § 1983 is not complete when the

deprivation occurs; it is not complete unless and until the State fails to provide due process." *McDaniels v. Flick*, 59 F.3d 446, 460 (3d Cir. 1995) (citing *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)) (holding that a remedy for erroneous deprivations is an adequate due process procedure). "A state affords requisite due process when it provides reasonable remedies to rectify legal errors by an administrative body." *Ruff v. Long*, 111 F. Supp. 3d 639, 647 (E.D. Pa. 2015) (agreeing that the "grievance procedures available to Ruff as a member of the Fraternal Order of Police ("FOP") provided adequate opportunity for Ruff to challenge his proposed termination, and to obtain meaningful review prior to being terminated from his public employment. The due process clause is not intended to *protect* Ruff from being terminated from public employment; only that he not be terminated without meaningful opportunity to contest the proposed action"); *see also Parratt v. Taylor*, 451 U.S. 527, 539 (1981) (holding that one satisfies the procedural due process requirements when there is "either the necessity of quick action by the State or the impracticality of providing any meaningful predeprivation process, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking").

Upon review, Plaintiff fails to state a claim for a violation of her procedural due process violation under § 1983. Here, Plaintiff claims that she was not provided with a fair and meaningful opportunity to challenge certain decisions denying her service-connected disability benefits before suffering economic harm. *See* ECF No. 1 ¶ 161. Yet Plaintiff acknowledges that she took advantage of all available administrative and appellate remedies when her service-connected disability benefits application was denied, and after Plaintiff appealed, the Board granted her service-connected disability benefits on or around July 23, 2025. *See id.* ¶¶ 59–60. Accordingly, accepting the well plead factual allegations in the Complaint as true, it is apparent that Plaintiff was given the "opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Ruff*,

111 F. Supp. 3d at 648. Plaintiff even prevailed on her appeal of her service-connected disability benefits application decision. *See* ECF No. 1 ¶¶ 60, 113–14. Further, Plaintiff's bare assertion that "adverse decisions were made based on incomplete, inaccurate, misleading, or disputed information," *see id.* ¶ 160, is not enough to show that "the procedures available to [her] did not provide due process of law." *Russo*, 459 F. App'x at 180.

For these reasons, the Court finds that Plaintiff fails to allege a Procedural Due Process claim under the 14th Amendment and 42 U.S.C. § 1983. Accordingly, Plaintiff's Procedural Due Process claim (Count III) is dismissed without prejudice.

**4. Count IV – Plaintiff Fails to State a Substantive Due Process Claim**

Next, Defendants seek dismissal of Plaintiff's substantive due process claim brought pursuant to 42 U.S.C § 1983. Defendants argue that this claim fails because "the interests identified in the Complaint are not fundamental rights protected by substantive due process." *See* ECF No. 12 at 10–11.

To state a claim for a violation of a plaintiff's substantive due process rights, the plaintiff must plausibly allege (1) a personal interest that is protected by the substantive due process clause; and that (2) the Government's "deprivation of that protected interest shocks the conscious." *Doe v. N. Reg. Police Dep't. of Allegheny Cnty.*, No. 24-2481, 2025 WL 1950065, * 3 (3d Cir. July 16, 2025) (quoting *Chambers ex rel. Chambers v. Sch. Dist. of Phia. Bd. of Educ.*, 587 F.3d 176,190 (3d Cir. 2009)); *see also Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) ("The substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" (citation omitted)), *abrogated on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001). Even accounting for the pre-answer posture of this case, "[t]his is a demanding standard." *Harris v. Biddle*, No. 18-2631, 2020 WL 3980816, at *3 (W.D. Tenn. Feb. 26, 2020) (holding that "a police officer falsely

writing parking tickets for the sole purpose of harassing someone the officer got into a fight with does not qualify" as conscience shocking); *see also Cnty. of Sacramento*, 523 U.S. at 846 (finding "the forced pumping of a suspect's stomach enough to offend due process as conduct 'that shocks the conscience' and violates the 'decencies of civilized conduct'" (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952))).

Upon review, the alleged conduct of the Defendant does not "shock the conscience." *See Doe*, 2025 WL 1950065, * 3*; see also Cnty. of Sacramento*, 523 U.S. at 846. Although Plaintiff does allege that Defendants altered an official record purporting to document her January 12, 2023 work-related injury and forged her signature, *see* ECF No. 1 ¶ 94, this conduct is not sufficiently "shocking" to meet this very high standard. *See Doe*, 2025 WL 1950065, * 3*; see also Cnty. of Sacramento*, 523 U.S. at 846. Even accepting all of Plaintiff's factual allegations as true, Plaintiff's assertions that an official record of hers was forged does not amount to a violation of substantive due process. For these reasons, the Court finds that Plaintiff fails to state a substantive due process claim pursuant to 42 U.S.C. § 1983. Accordingly, Plaintiff's substantive due process claim (Count IV) is dismissed without prejudice.

**D. Count V – Plaintiff Fails to State a Claim for Municipal Liability**

Plaintiff brings a claim against the City for municipal liability under *Monell v. Department of Social Services*. 436 U.S. 658 (1978). Defendants also seek dismissal of this claim. ECF No. 12 at 15–19. Defendants argue that the "Complaint does not plausibly allege municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)" because the Complaint does not "identify any ordinance, regulation, written directive, or formally adopted policy directing City employees to discriminate against disabled employees, retaliate against officers who file complaints, interfere with workers compensation proceedings, or deny constitutional rights." *See id.* at 14. Additionally, Defendants argue that "to the extent Plaintiff attempts to proceed under a

failure-to-train or failure-to-supervise theory, the Complaint likewise fails" because it does not to establish deliberate indifference. *Id.* at 15–16.

A municipality "may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). Instead, the Supreme Court requires "a plaintiff seeking to impose liability on a municipality under [*Monell*] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.; see also City of Oklahoma City v. Tuttle,* 471 U.S. 808, 817 (1985) ("*Monell* teaches that the city may only be held accountable if the deprivation was the result of municipal 'custom or policy.'"). There must be a causal link between the action of the municipality and the deprivation of federal rights. *Bd. of Cnty. Comm'rs*, 520 U.S. at 398 ("A plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."). A plaintiff may make that showing in several ways.

First, a plaintiff can demonstrate that "an unconstitutional policy or custom of the municipality led to [the plaintiff's] injuries." *Monell*, 436 U.S. at 691 (citation omitted); *see also Walters v. Muhlenburg Twp. Police Dep't*, 536 F. App'x 213, 215 (3d Cir. 2013) (per curiam) (explaining that Section 1983 liability "attaches to a municipality only where the 'government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury'" (quoting *Monell*, 436 U.S. at 694)). Second, a plaintiff can demonstrate that his injuries "were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice." *Forrest v. Parry*, 930 F.3d 93, 105 (2019) (internal quotations and citations omitted). The latter option "arose in the failure-to-train context, but applies to other failures and inadequacies by municipalities" as well. *Id.* "[A]n unconstitutional municipal policy or custom is necessary for the former theory, but not for the

latter, failure or inadequacy theory." *Id.* In addition, "[i]t is well-settled that, if there is no [constitutional] violation in the first place, there can be no derivative municipal claim." *Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) (collecting cases).

Here, Plaintiff has not plausibly alleged that she suffered an underlying constitutional deprivation. *See supra* Part IIIC(1)–(4). This alone is fatal to her *Monell* claim against the City. *See Mulholland*, 706 F.3d at 238 n.15 (collecting cases). But even assuming that Plaintiff had identified a plausible underlying constitutional deprivation, she still does not plausibly allege any municipal custom or policy on which liability could be based. *See Bd. of Cnty. Comm'rs*, 520 U.S. at 403. Nor does Plaintiff allege that the City acted in a *deliberate* manner to deprive her of her constitutional rights. *See id.* at 404. Plaintiff alleges that Defendants knew of her complaints and, "permitted retaliatory conduct to continue." *See* ECF No. 1 ¶ 125. These allegations alone are insufficient to plausibly allege municipal liability under *Monell*.

For these reasons, the Court finds that Plaintiff has failed to state a plausible *Monell* claim against the City. Accordingly, Plaintiff's *Monell* claim (Count V) is dismissed without prejudice.

**E. Counts VI & VIII – Plaintiff Fails to State a Claim Under the ADA and the RA**

Plaintiff also asserts claims under the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act (the "RA"). ECF No. 1 at 21–22. Claims brought under the ADA and the RA claims are analyzed "together because the substantive standards for determining liability are the same." *Graham v. Sec'y U.S. Dep't of Veterans Affs.*, No. 22-2633, 2023 WL 2388355, at *1 n.1 (3d Cir. Mar. 7, 2023); *see also Berardelli v. Allied Servs. Inst. of Rehab. Med.*, 900 F.3d 104, 117 (3d Cir. 2018) (holding that the analysis for RA and ADA claims is addressed "in the same

breath" because they are so similar in their language and purpose). Therefore, the Court analyzes Plaintiff's ADA (Count VI) and RA claim (Count VIII) together, below.[4]

Defendants argue that "the Complaint fails to plausibly allege that any challenged employment action occurred because of her disability." ECF No. 12 at 20. Additionally, Defendants contend that "[t]he Complaint also provides little factual detail concerning Plaintiff's requests for reasonable accommodation," such as what accommodation she requested, "when it was requested, the individual to whom it was directed, or how the requested accommodation would have enabled Plaintiff to perform the essential functions of her position." *Id.* at 21. Furthermore,

---

[4] The Court briefly addresses Plaintiff's arguments regarding the timeliness of Plaintiff's claims, although Defendants' Motion does not mention timeliness. The Complaint relies on the continuing violation doctrine or equitable tolling to apply because "retaliation, denial of benefits, failure to investigate, and resulting economic harm continued well beyond the initial discriminatory acts." ECF No. 1 ¶ 37.

Under the continuing violation doctrine, the plaintiff has the burden to prove "that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable limitations period." *Hilton v. Home Depot, Inc.*, No. CV 20-5145, 2022 WL 837207, at *4 (E.D. Pa. Mar. 21, 2022) (citing *Mandel*, 706 F.3d at 165–66). "The Third Circuit has held that for the continuing violation doctrine to apply, the same individuals must be involved in the same harassment over a period of time." *Id.* (citing *Doe v. Mercy Case Catholic Med. Ctr.*, 850 F.3d 545, 566 (3d Cir. 2017)). Additionally, "Courts do not consider discrete acts of discrimination a continuing practice" and they cannot be "aggregated under a continuing violations theory." *Id.* An example of a discrete act is "[a]n employer's denial of a request for a reasonable accommodation." *Id.* Because the Complaint attributed conduct to Defendants collectively and did not identify personal involvement, the continuing violation doctrine does not apply because "the conduct both inside and outside the prescribed period must be conducted 'by the same individual.'" *Id.*

Equitable tolling is a "rare, extraordinary remedy." *Aversano v. Santander Bank, N.A.*, 828 F. App'x 109, 112 (3d Cir. 2020). "To survive a motion to dismiss, [the plaintiff's] complaint must include 'sufficient factual matter' for the court to infer that discovery may show that tolling could keep alive [her] otherwise untimely claim." *Id.* Upon review, the Complaint fails to make this showing. *See* ECF No. 1 ¶¶ 37–64. Plaintiff's Complaint offers only conclusory allegations regarding the alleged "concealment" of the City's misconduct due to their "failure to complete" an investigation. *Id.* ¶ 44. Without more, the Court is unable to make the necessary inference that "discovery may show that tolling could keep alive [her] otherwise untimely claim." *See Aversano*, 828 F. App'x at 112.

Defendants argue that Plaintiff might not have been "qualified to perform the essential functions of her position during the relevant period." *Id.* They claim that Plaintiff alleges she "remained on restricted-duty status, sought service-connected disability retirement, and ultimately obtained disability retirement benefits through the Board of Pensions and Retirement." *Id.* Lastly, Defendants argue that "Title I of the ADA does not impose liability upon individual employees or supervisors." *Id.* at 22.

To state a prima facie case of discrimination under the ADA, a plaintiff must plausibly allege "(1) [s]he is a disabled person within the meaning of the ADA; (2) [s]he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [s]he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999). "Until an employee demonstrated that he was capable of performing the essential functions of his position, with or without accommodation, the employer is under no corresponding duty to make a reasonable accommodation." *Latch v. Se. Pa. Transp. Auth.*, 984 F. Supp. 317, 320 (E.D. Pa. 1997). To be a "qualified individual" under the ADA, a plaintiff must be able to "perform the essential functions of the employment position that such individual holds or desires," with or without reasonable accommodation. *Burns v. City of Phila.*, No. CV 24-01822, 2025 WL 1907469, at *6 (E.D. Pa. July 9, 2025).

The Court construes Plaintiff's ADA claim as brought against the City only. *See, e.g.*, *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002). Next, assuming that Plaintiff has alleged that she is "a disabled person within the meaning of the ADA[,]" *see Taylor,* 184 F.3d at 306; ECF No. 12 at 20, Plaintiff has not plausibly alleged the other two required elements to state an ADA claim. First, Plaintiff has not plausibly alleged that she is qualified to perform the essential job duties. Nor does Plaintiff allege what the specific requested

accommodations were or how they would have made it possible for her to perform essential functions of her job. *See Taylor*, 184 F.3d at 311 ("An employer commits unlawful discrimination under the ADA if the employer does 'not make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer].'").

Second, Plaintiff has not plausibly alleged that "[s]he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor,* 184 F.3d at 306. A plaintiff must "point to evidence sufficient to create an inference that a causative link exists" between her disability and her denial of workers' compensation benefits, disability insurance benefits, and other employment-related benefits. *See Hollingsworth v. R. Home Prop. Mgmt., LLC*, 498 F. Supp. 3d 590, 603 (E.D. Pa. 2020); ECF No. 1 ¶ 109. Even construing the Plaintiff's *pro se* Complaint liberally, she has not alleged that the denial of benefits was due to of her disability. For these reasons, the Court finds that Plaintiff failed to allege liability under the ADA or RA. Accordingly, the Plaintiff's ADA and RA discrimination claims (Counts VI & IX) are dismissed without prejudice.

**F. Count VII – Plaintiff Fails to State a Claim for ADA Retaliation**

A plaintiff bringing a claim for retaliation under the ADA must establish "(1) her engagement in a 'protected employee activity,' (2) 'adverse action' by the employer, and (3) 'a causal connection between the employee's protected activity and the employer's adverse action.'" *Emmell v. Phoenixville Hosp. Co., LLC*, 303 F. Supp. 3d 314, 330 (E.D. Pa. 2018). A review of the Complaint quickly reveals that the chronology of Plaintiff's alleged protected activity and adverse actions is difficult, if not impossible, to understand. Plaintiff provides only conclusory allegations that, "[f]ollowing [her] complaints, she became the subject of increased scrutiny,

hostility, retaliation, and harassment." ECF No. 1 ¶ 83. Plaintiff does provide an approximate time frame for when she began to experience this "increased scrutiny, hostility, retaliation, and harassment." *Id.* Further, it is unclear from the face of the Complaint which Defendant is responsible for what alleged retaliatory action. Therefore, even construing the Complaint in the light most favorable to Plaintiff, the Complaint fails to plausibly allege "a causal connection between the employee's protected activity and the employer's adverse action." *Emmell,* 303 F. Supp. 3d at 330. Accordingly, Plaintiff's ADA retaliation claim (Count VII) will be dismissed.

**G. Counts X–XII – The Court Will Dismiss Plaintiff's State Law Claims**

When a district court has original jurisdiction over federal claims, it can exercise supplemental jurisdiction over any state law claims that "form part of the same case or controversy" as the federal claims. 28 U.S.C. § 1367(a); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552–53 (2005); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). The exercise of supplemental jurisdiction by a federal court is discretionary, allowing a district court to decline to exercise supplemental jurisdiction when, for example, all federal claims have been dismissed, state law claims outweigh federal claims, or other compelling reasons exist to decline jurisdiction, including considerations of judicial economy and convenience. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997); *see also Gibbs*, 383 U.S. at 726–27; 28 U.S.C. § 1367(c)(3). In the Third Circuit, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (internal quotations and citation omitted).

Since Plaintiff's federal claims are being dismissed for failure to state a claim, the Court declines to exercise supplemental jurisdiction over her remaining state law claims. *See, e.g.*, 28

U.S.C. § 1367. Judicial economy, convenience, and fairness are not better served by resolving the remaining state law claims in this Court, as opposed to state court. The Court will therefore, grant Defendants' Motion to Dismiss, and dismiss her various state law claims (Counts X–XII) without prejudice.

### H. Counts XIII and XIV – Plaintiff's Claims for Declaratory Relief and Injunctive Relief Will Be Dismissed

Plaintiff brings separate claims for declaratory and injunctive relief. ECF No. 1 at 22. To the extent that Plaintiff intended to bring these as separate causes of action as opposed to requested forms of relief,[5] the Court will dismiss these claims as well because the Court has dismissed the underlying claims. *Cf. Bountiful Cap., LLC*, 2026 WL 1507700, at *8 (concluding that it "is premature for a court to address the appropriateness of remedies such as declaratory or injunctive relief in response to a motion to dismiss where the court declines to dismiss the underlying claims") (collecting cases)). The Court has dismissed all underlying claims. *See supra* Part III(A)–(G). Accordingly, Plaintiff's claims for declaratory relief (Count XIII) and injunctive relief (Count XIV) are dismissed without prejudice.

### I. Plaintiff Will Be Afforded Leave to Amend

Rule 15 provides that where a party is not amending a pleading as a "matter of course[,]" Fed. R. Civ. P. 15(a)(1), an amendment is only permitted where they have obtained either "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 further provides that courts "should freely give leave when justice so requires." *Id.* This language has been interpreted to mean that, "leave to amend should be liberally given unless amendment would

[5] "[D]eclaratory judgment and injunctive relief are remedies, not causes of action." *Bountiful Cap., LLC v. Kaminski*, No. CV 25-888, 2026 WL 1507700, at *8 (M.D. Pa. May 29, 2026) (citations omitted).

be inequitable or futile." *Montanez v. Price*, 154 F.4th 127, 151 (3d Cir. 2025) (citations omitted). As relevant here, "leave to amend is futile if 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Id.* at 152 (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

Upon review, the Court is satisfied that amendment would not necessarily be futile. Much of the Court's commentary regarding the Complaint is with respect to the scant factual allegations. Thus, amendment may prove fruitful. The Court warns Plaintiff that merely naming a cause of action is insufficient to state a claim as discussed at length herein. Accordingly, Plaintiff is granted leave to amend pursuant to Rule 15(a)(2), with the exception of Plaintiff's official capacity claims against the individual Defendants, which the Court is dismissing with prejudice for reasons discussed herein.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion (ECF No. 12) and dismiss Plaintiff's official capacity claims against the individual Defendants with prejudice. Plaintiff's individual capacity claims against the individual Defendants under 42 U.S.C. § 1983 (Counts I–IV), as well as Plaintiff's ADA claims (Counts VI & VII), RA claim (VIII), *Monell* claim (Count V) against the City are dismissed without prejudice. Plaintiff's declaratory relief claim (Count XIII), injunctive relief claim(Count XIV), and accompanying state law claims (Counts X–XII) are dismissed without prejudice. Plaintiff is granted leave to amend her Complaint within thirty (30) days. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**